IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-157-FL

| | | |
|---|---|---|
| GLENN HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim (DE 17). The issues raised are ripe for ruling. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this employment discrimination action pro se, March 11, 2024, asserting defendant failed to hire or interview plaintiff based upon his sex, national origin, age, disability, and retaliation, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., ("ADA"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Plaintiff seeks damages, back pay, employment, and equitable and injunctive relief.

Defendant filed the instant motion to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(6). Plaintiff responded in opposition, relying upon copies of appeal documents in the United States Equal Employment Opportunity Commission, Office of Federal Operations ("EEOC").

**STATEMENT OF FACTS**

The facts alleged in the complaint may be summarized as follows. Plaintiff is a resident of Fayetteville North Carolina, who submitted applications through "USAjobs.com" for positions at Fort Liberty, North Carolina. (Compl. (DE 1) ¶10). According to the complaint, plaintiff "applied for jobs [he] was qualified for but was not interviewed for and/or did not get the job(s)." (Id. ¶9). Plaintiff asserts he "was as qualified or more than others and was in different protected classes or combinations of protected classes." (Id.). Plaintiff alleges a "female was hired right out of college." (Id.).

In his complaint, plaintiff references and incorporates EEOC decisions addressing Equal Employment Opportunity ("EEO") complaints submitted by plaintiff with respect to his alleged non-selection for vacancies at Fort Liberty. (Id. ¶¶ 8-11; see Compl. Ex. 2 (DE 1-2)). Those decisions describe dates of non-selection for a variety of vacancies, ranging from June 8, 2021, to May 10, 2022, as well as the dates plaintiff filed EEO complaints regarding each, ranging from September 28, 2021, to June 10, 2023.[1] (See Compl. Ex. 2 (DE 1-2) at 1, 2, 6-7, 12, 17). Plaintiff also references and incorporates a "response" he signed, which includes additional allegations about his communications with the EEOC and defendant about employment. (See Compl. Ex. 3 (DE 1-3).

**COURT'S DISCUSSION**

A.     Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[1]     Additional details regarding the vacancies, dates of alleged non-selection, and dates of EEO contact are set forth in the analysis herein.

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[2]

B.     Analysis

Defendant argues that "[a]ll but one of [p]laintiff's discrimination claims" should be dismissed because they are time barred, and that plaintiff fails to allege facts stating a claim under any of the asserted statutes. (Def's Mem. (DE 18) at 6). The court agrees.[3]

   1.     Time Bar

"It is well settled that before filing suit under Title VII or the ADEA, a plaintiff must exhaust [his] administrative remedies." Walton v. Harker, 33 F.4th 165, 172 (4th Cir. 2022). "Rehabilitation Act claims[4] must comply with the same administrative procedures that govern federal employee Title VII claims." Stewart v. Iancu, 912 F.3d 693, 698 (4th Cir. 2019).

---

[2]     In case citations in this order, internal quotations and citations are omitted, unless otherwise specified.

[3]     As set forth in more detail herein, although defendant contends that one of plaintiff's discrimination claims is not time barred, pertaining to "Vacancy *435R," (Def's Mem. (DE 18) at 7), the exhibits to the complaint upon which defendant relies affirmatively show that all of plaintiff's discrimination claims are time barred. (See DE 1-2 at 7). As to the one discrimination claim upon which defendant does not argue statute of limitations, the court bases dismissal only on failure to allege facts giving rise to an inference of discrimination, but the court includes the time bar analysis for the sake of completeness.

[4]     Although plaintiff brings claims under the ADA, these claims must be analyzed under the Rehabilitation Act, because that is the statute that "prohibits federal agencies from discriminating against a qualified individual 'solely by reason of her or his disability.'" Lewis v. Gibson, 621 F. App'x 163, 164 (4th Cir. 2015) (quoting 29 U.S.C. § 794(a)).

"Aggrieved persons who believe they have been discriminated against on the basis of race; color; religion; sex; national origin; age; disability; genetic information; or pregnancy, childbirth, or related medical conditions must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). These requirements "appl[y] to all employees and applicants for employment" within "covered departments," including "[m]ilitary departments." 29 C.F.R. § 1614.103(b)(1) and (c). A plaintiff's failure to "timely initiate counseling by visiting an EEO Counselor" within these time periods renders a claim time barred, absent waiver on the part of defendant. Jakubiak v. Perry, 101 F.3d 23, 27 (4th Cir. 1996).

Here, the EEOC decisions attached to plaintiff's complaint affirmatively show that plaintiff failed to initiate consultation with an EEO counselor within the requisite 45 day time period after each alleged non-selection. In particular, these decisions note the following dates for each alleged vacancy:

| Vacancy No. | Date of Alleged Non-selection | Date of EEO Contact | Number of Days Between Non-Selection and Contact |
|---|---|---|---|
| *027R[5] | 10/7/21 | 12/11/21 | 65 |
| *2036 | 6/8/21 | 9/28/21 | 112 |
| *608R | 6/15/21 | 9/28/21 | 105 |
| *5322 | 10/20/21 | 1/27/22 | 99 |

---

[5] The court does not reproduce here the full vacancy numbers but rather the last 4 digits for ease of reference and comparison. The source of the information in this table is Exhibit 2 to the complaint. (See Compl. Ex. 2 (DE 1-2) at 2, 7, 17).

| Vacancy No. | Date of Alleged Non-selection | Date of EEO Contact | Number of Days Between Non-Selection and Contact |
|---|---|---|---|
| *6163 | 10/19/21 | 1/27/22 | 100 |
| *7481 | 11/10/21 | 2/5/22 | 87 |
| *435R | 7/23/21[6] | 9/28/21 | 67 |
| *3423 | 8/12/21[7] | 11/6/21 | 86 |
| *6000 | 9/7/21 | 12/11/21 | 95 |
| *9RHW | 7/14/21[8] | 9/28/21 | 76 |
| *3463 | 5/10/22 | 8/20/22 | 102 |

(See Compl. Ex. 2 (DE 1-2) at 2, 7, 17).[9]

In sum, the number of days in between non-selection and EEO contact in each instance is more than 45 days. Therefore, plaintiff's discrimination claims are time barred, absent waiver on

---

[6] Defendant lists this date as "9/23/21" in its brief, (Def's Mem. (DE 18) at 4), whereas the exhibit to the complaint specifies this date to be "July 23, 2021." (DE 1-2 at 7). Plaintiff's complaint also alleges the date of non-selection to be "7/23/21." (Compl. ¶ 8). Accordingly, for purposes of the instant motion the court uses the date showing in the exhibit and the complaint.

[7] Defendant lists this date as "8/12/12" in its brief, (Def's Mem. (DE 18) at 4), and the exhibit to the complaint specifies this date to be "August 12, 2012." (DE 1-2 at 7). However, the complaint references the date as "8/12/21" (Compl. ¶ 8). It appears the date in the exhibit is a transcription error. (See DE 1-2 at 7). Therefore, the court uses the date referenced in plaintiff's complaint.

[8] Plaintiff does not reference this date of alleged non-selection specifically in his complaint. (Compl. ¶ 8). However, it is included in the EEOC decisions attached in Exhibit 2 to the complaint (DE 1-2 at 7), and it is analyzed in defendant's motion. (Def's Mem. (DE 18) at 4). Therefore, the court includes it in the instant analysis.

[9] Plaintiff also cites to alleged discrimination taking place March 22, 2023, "after withdrew [sic] complaint on" March 26, 2023 "because [he] felt coerced and felt duress." (Compl. ¶ 8). The EEOC decision references an EEO complaint plaintiff withdrew March 26, 2023, but it does not specify the date of alleged non-selection related to that underlying EEO complaint. (See DE 1-2 at 12). It does, however, state that plaintiff filed an additional EEO complaint June 10, 2023, alleging "discrimination in reprisal." (Id.). To the extent plaintiff asserts a discrimination claim based upon the withdrawn EEO complaint, it must be dismissed as unexhausted. To the extent plaintiff also asserts a retaliation claim based upon the additional June 10, 2023, EEO complaint, plaintiff has not alleged facts sufficient to state a claim, for the reasons set forth in section B.2. of this order.

the part of defendant.  Jakubiak, 101 F.3d at 27.  Plaintiff here does not allege facts giving rise to a waiver on the part of defendant, and none appear from the record except that defendant has not asserted time bar as a basis for dismissal of plaintiff's discrimination claim premised upon vacancy number *435R.  (See Def's Mem. (DE 18) at 4, 6, 7).

Therefore, that part of defendant's motion seeking dismissal on the basis of time bar is granted, and plaintiff's discrimination claims, with the exception of the claim based upon Vacancy Number *435R, are dismissed.

2. Insufficient Allegations

A plaintiff asserting a discrimination or retaliation claim is "required to allege facts to satisfy the elements of a cause of action created by the relevant statute in compliance with Iqbal."  Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017) (citing Iqbal, 556 U.S. 662).  For claims under Title VII, plaintiff must show defendant "fail[ed] or refuse[d] to hire" plaintiff "because of [his] . . . sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), or "discriminate[d] against" plaintiff "because he . . . made a charge" of discrimination or other protected activity.  42 U.S.C. § 2000e-3(a).  Under the ADEA, plaintiff must show "discrimination based on age."  29 U.S.C. § 633a(a).  Under the Rehabilitation Act, plaintiff must show he was an "otherwise qualified individual" excluded "solely by reason of . . . his disability."  29 U.S.C. § 794(a).

In this case, plaintiff fails to "allege[] facts that plausibly state a violation of" any of these statutes "above a speculative level."  Bing v. Brivo Sys., LLC, 959 F.3d 605, 617 (4th Cir. 2020).  Plaintiff points to his non selection in eleven instances, and he references EEOC decisions addressing his administrative complaints, noting they stated he "did not meet the area of consideration."  (Compl. ¶ 8).  While plaintiff asserts discrimination in these instances based on "sex," "national origin," and "age, disability, retaliation," (id. ¶ 6), these assertions are a "formulaic

recitation of the necessary elements—[and] no more than conclusions and therefore do not suffice." McCleary-Evans, 780 F.3d at 585. "[T]he cause that [plaintiff] asks [the court] to infer (i.e., invidious discrimination) is not plausible in light of the obvious alternative explanation that the decisionmakers simply judged those hired to be more qualified and better suited for the positions." Woods, 855 F.3d at 648.

Plaintiff alleges that he "was as qualified or more than others" who were hired, noting "[a] female was hired right out of college." (Compl. ¶ 9). This allegation, however, is insufficient to state a claim because it does not supply sufficient factual material upon which to infer discrimination or retaliation. Plaintiff does not allege any facts concerning the position for which this other candidate was hired, nor the criteria for the position, which would serve to "nudge [his] claim across the line from conceivable to plausible." Lemon v. Myers Bigel, P.A., 985 F.3d 392, 399 (4th Cir. 2021). As such, the court is left to "speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions." McCleary-Evans, 780 F.3d at 586.

Plaintiff also points to "more information" contained in the "reconsideration documents" attached to the complaint. (Compl. ¶ 8). But, these documents reinforce the lack of factual allegations giving rise to an inference of discrimination and retaliation. For example, for one of the alleged vacancies, *027R, the EEOC decision states that "the Agency had a cutoff score of 95 for the self assessment" and plaintiff's "responses totaled 91 points, and he was not referred." (DE 1-2 at 3). For five others, *2036, *608R, *5322, *6163, and *7481, the EEOC decision states plaintiff "did not supply the necessary documentation to certify his eligibility" under a disability hiring authority. (Id.). For the one alleged vacancy that defendant does not seek to dismiss as time-barred, *435R, the decision states:

> [T]he hiring manager scored the submitted resumes and rated the on categories such as experience in various budgeting/accounting systems, and written communication and education. Of the 13 applicants, [plaintiff] was scored the lowest at a 5, while the top two candidates received scores of 19 and 26. The Agency ultimately selected an applicant who possessed significant experience with the relevant systems used by the Agency.

(DE 1-2 at 8). In sum, the additional documentation attached to the complaint does not overcome "the obvious alternative explanation that the decisionmakers simply judged those hired to be more qualified and better suited for the positions." Woods, 855 F.3d at 648.

In opposition to dismissal, plaintiff points to "EEO meetings," where he "was told by an official [he] should have had a job by now," another official "said if I did not have a job I was doing something wrong," and "[o]ne said a Master's degree qualifies a person for all jobs." (Pl's Mem. (DE 19) at 2-3). Exhibit 3 to the complaint echoes these assertions where it states: "In 2017, in an EEOC mediation call . . . EEOC mediator said I qualified for any job because I had a Master's degree[;]" and in 2017 "an EEO mediator said if I didn't have a job, I am doing something wrong." (DE 1-3 at 2). None of these allegations, however, permit the necessary inference that plaintiff was not hired for the alleged vacancies, in 2021-2023, "because of" age, sex, national origin, disability, or retaliation. Bing, 959 F.3d at 616. Absent allegations regarding the hiring decisions made in 2021-2023, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." McCleary-Evans, 780 F.3d at 586.

The allegations in the complaint and the additional documentation also do not give rise to a plausible inference of retaliation, due to the lack of any alleged "causal connection" between plaintiff's EEO activity and defendant's hiring decisions. Alberti v. Rector & Visitors of the Univ. of Virginia, 65 F.4th 151, 156 (4th Cir. 2023). Plaintiff does not otherwise allege facts permitting an inference that defendant took "materially adverse" action against him as a result of his prior EEO activity. Laurent-Workman v. Wormuth, 54 F.4th 201, 213 (4th Cir. 2022). For example,

plaintiff suggests that he withdrew a March 22, 2023, EEO complaint because he "felt coerced and felt duress." (Compl. ¶ 8). But, plaintiff does not allege facts regarding actions taken by defendant that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." Laurent-Workman, 54 F.4th at 213. The EEOC decision states that before plaintiff withdrew his EEO complaint March 26, 2023, the agency had sent plaintiff an email that "stated that several of [plaintiff's] responses to the Agency's discovery requests were deficient." (DE 1-2 at 12). This is not sufficient to meet the standard for a "materially adverse" action. Laurent-Workman, 54 F.4th at 213.

Therefore, plaintiff fails to state a claim upon which relief can be granted on any of the grounds asserted in the complaint, and defendant's motion must be granted for this additional and alternative reason.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 17) is GRANTED. Plaintiff's claims are DISMISSED for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The clerk is DIRECTED to close this case.

SO ORDERED, this the 6th day of February, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge